| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| | FILED<br>NOV 3 0 2009<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY _____ Deputy Clerk |
| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | |
| In re:<br><br>Kenneth Mugrage & Tera Leigh<br><br><br><br>Debtor. | CASE NUMBER   RS03-26605-PC<br>HEARING DATE:<br>TIME:<br>PLACE: |

## MOTION FOR ORDER RELEASING UNCLAIMED FUNDS

I, under penalty of perjury under the laws of the United States of America declare (or certify, verify, or state) that the following statements and information are true and correct:

1. I request an order releasing the total amount of $ __2,676.50__ which is the sum of all monies deposited with the court on the following date(s) __6/30/05__ on behalf of the creditor __Kenneth Mugrage & Tera Leigh__ on claim number(s) __scheduled__

2. Please check and complete the applicable subparagraph(s) below:

   ☒ a. I am the creditor named in paragraph 1.

   ☐ b. I am an employee of the creditor named in paragraph 1 and my title is _____.
   The creditor is still legally entitled to the monies and I am authorized by the creditor to this petition. Submit evidence establishing authority to act on behalf of creditor.

   ☒ c. I am the creditor and have appointed __The Financial Resources Group, Inc.__
   as my lawful attorney-in-fact who is duly authorized by the attached original power of attorney to file this motion.

   ☐ d. Subparagraphs a, b, and c above do not apply, but I am entitled to payment of such monies because (submit evidence establishing basis for right to obtain payment).

_____
_____
_____
_____

*(Continued on next page)*

Revised November 2008    This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.    **F 3011-1**

| Motion for Order Releasing Unclaimed Funds - *Page 2* | | F 3011-1 |
|---|---|---|
| In re<br>Kenneth Mugrage & Tera Leigh | Debtor. | CHAPTER __13__<br>CASE NUMBER  RS03-26605-PC |

3. Please complete each of the following subparagraphs:

   a. The following is the creditor's address and phone number:

   Tera Leigh

   7525 NBU

   Prague, OK 74864-2500

   (207)318-0747

   b. A brief history of the creditor (from the filing of the claim to the present) which includes, if applicable, identification of any sale of the company and the new and prior owner(s). Submit evidence establishing the sale of the company from the prior to the new owner(s):

   Ken Mugrage & I were divorced & moved from Wrightwood. Ken remained at the property after I left & did not put in a forwarding address with the post office. Therefore, the refund check was not forwarded to either of us.

4. I understand that, pursuant to 18 U.S.C. § 152, I may be fined or imprisoned, or both, if I have knowingly and fraudulently made any false statements in this document.

Revised November 2008    This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.    F 3011-1

Motion for Order Releasing Unclaimed Funds - *Page 3*                                   **F 3011-1**

| In re | CHAPTER 13 |
|---|---|
| Kenneth Mugrage & Tera Leigh  Debtor. | CASE NUMBER RS03-26605-PC |

_____
Signature of Creditor/Successor

(Corporate Seal

Tera Leigh
_____
Type or Print Creditor's/Successor's Name

if applicable)

7525 NBU
_____
Creditor's/Successor's Address

Prague, OK 74864-2500
_____

(207)318-0747
_____

STATE OF ~~CALIFORNIA~~ Oklahoma, COUNTY OF Lincoln

On November 16, 2009 _____ before me, personally appeared *(insert name and title of the signer)*

Tera Leigh

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. WITNESS my hand and official seal.

[Notary Seal: NATASHA MILLS, IN AND FOR, #06051799, STATE OF OKLAHOMA, NOTARY PUBLIC]

_____
Notary Public

My commission expires on 04-21-2011

| Motion for Order Releasing Unclaimed Funds - *Page 4* | | F 3011-1 |
|---|---|---|
| In re<br>Kenneth Mugrage & Tera Leigh | Debtor. | CHAPTER __13__<br>CASE NUMBER RS03-26605-PC |

*Signature of Attorney/Attorney-in-Fact (if appointed)*

Larry L. Moses, General Manager
Type or Print Name

700 Mechem Dr Ste 8-B
Address

Ruidoso, NM   88345

(575)257-1607

STATE OF ~~CALIFORNIA~~ New Mexico, COUNTY OF Lincoln

On __November 18, 2009__ before me, personally appeared *(insert name and title of the signer)*

Larry L. Moses, General Manager

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. WITNESS my hand and official seal.

(SEAL)

Notary Public

My commission expires on __10/30/13__

Presented by:

Motion for Order Releasing Unclaimed Funds - *Page 5*                                              **F 3011-1**

| In re<br>Kenneth Mugrage & Tera Leigh                        Debtor. | CHAPTER  13<br>CASE NUMBER  RS03-26605-PC |
|---|---|

## PROOF OF SERVICE

I hereby certify under penalty of perjury under the laws of the United States of America that on November 18, 2009 I mailed in a sealed envelope, with postage thereon fully prepaid, a fully completed true and correct copy of the document described as "Motion for Order Releasing Unclaimed Funds" to the United States Attorney, United States Trustee, and other persons and entities required to be served by Local Bankruptcy Rule 3011-1(b) and addressed as follows:

United States Attorney
Central District of California
312 North Spring Street
Los Angeles, CA 90012

United States Trustee
Central District of California
725 South Figueroa, 26th Floor
Los Angeles, CA 90017

Please insert the name and address of the trustee appointed in the case and the trustee's counsel, if any:

Ron Danielson
4361 Latham Street, Suite 270
Riverside, CA 92501

Please insert the name and address of the Debtor, Debtor in Possession, reorganized Debtor, or other fiduciary appointed to supervise the distribution of funds and assets of the estate (if not the claimant) and their counsel, if any:

Tera Leigh
7525 NBU
Prague, OK 74864-2500

Fred M. Cohen
8480 Red Oak Ave
Rancho Cucamonga, CA 91730

If Movant is not the original creditor or an employee thereof, please insert the name and address of the original creditor and the creditor's counsel, if any:

Kenneth Mugrage & Tera Leigh
PO Box 2949
Wrightwood, CA 92397

Fred M. Cohen
8480 Red Oak Ave
Rancho Cucamonga, CA 91730

November 18, 2009
Date

*[signature]*
Signature

Larry L. Moses, General Manager
*Type or Print Name*

Revised November 2008    This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.    **F 3011-1**

**Attorney/Attorney-in-Fact (if appointed)**

_____
**Signature***

**Larry L. Moses, General Manager**
Type or Print Name

**The Financial Resources Group, Inc.**
Address

**700 Mechem Drive, Suite 8B**

**Ruidoso, New Mexico          88345**


State of <u>New Mexico</u>       )
                                 ) ss.
County of <u>Lincoln</u>         )

On <u>11/18/09</u> before me, (insert name and title of the signer), personally appeared <u>Larry L. Moses</u> personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

**WITNESS my hand and official seal.**

Signature _Vanessa R Keck_____

My commission expires on  10/30/13

(SEAL)

* **All Signatures must be notarized.**

**Presented by**   _____
    **Larry L. Moses, General Manager**

**The Financial Resources Group, Inc.**

# UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

IN RE:                                   )
                                         )     CASE NO.   RS03-26605-PC
**Kenneth Mugrage & Tera Leigh**   )
                                         )     CHAPTER:   13

### AFFIDAVIT OF THE FINANCIAL RESOURCES GROUP INC.

I, Larry L. Moses, hereby state that:

  1. I am General Manager of The Financial Resources Group, Inc. which was appointed "Attorney-in-fact" for <u>Tera Leigh.</u>

  2. I have made all reasonable efforts to believe that <u>Tera Leigh</u> is legally entitled to these unclaimed funds being applied for herewith.

  3. I am familiar with the State of California requirements associated with personal representation of individuals and corporations through acting in the capacity of "Attorney-in-fact".

  4. The Unclaimed Fund in the amount of $2,676.50 was deposited in the names of Kenneth Mugrage & Tera Leigh.

  5. Tera Leigh was arwarded through the attached Dissolution Judgement any and all cash, bank accounts, etc. (see attached, page 1, item 7, subsection B).

By: *[signature]*
Larry L. Moses, General Manager
The Financial Resources Group, Inc.
700 Mechem Drive, Suite 8B
Ruidoso, NM 88345

*Subscribed and sworn to before me this* __18th__ *day of* __November__  20 __09__.

*[signature] Vanessa R Keck*
*Notary Public*
*My commission expires on* __10/30/13__

*(Seal)*

# LIMITED POWER OF ATTORNEY

*KNOW ALL MEN BY THESE PRESENTS, That*

Tera Leigh

*has made, constituted and appointed and by these presents does make, constitute and appoint:*
The Financial Resources Group, Inc.
*my true and lawful attorney-in-fact, for me and in my name, place and stead and for my use and benefit ,*

**ONLY** to collect and disburse abandoned funds, or undistributed, unclaimed, or undelivered tenders or funds in the amount of:

$2,676.50

*giving and granting unto my said attorney-in-fact full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done, as fully, to all intents and purposes, as I might or could do if personally present, hereby ratifying and confirming all that my said attorney-in-fact shall lawfully do or cause to be done, by virtue hereof. In construing this instrument, and where the context so requires, the singular includes plural.* **This Limited Power of Attorney is specifically limited to the collection and disbursement of the above-named funds.**

Signature: Tera Leigh

Date: 11-16-09

SSN XXX-XX-3643

---

## NOTARY ACKNOWLEDGMENT

State of Oklahoma

County of Lincoln

SUBSCRIBED AND SWORN on the 16 day of November, 20 09 before me, personally appeared _____ personally known to me or proved to me on the basis of satisfactory evidence (see identification below) to be the person whose name is subscribed to the within instrument and acknowledged to me that they executed the same in their authorized capacity, and that by their signature on the instrument the person or the entity upon behalf of which the person acted executed the instrument.
Identification for the above named was Driver License No. (or specify other identification): _____

WITNESS my hand and official seal,
Signature _____
Residing at _____
My commission expires: _____

[Notary seal: NATASHA MILLS, IN AND FOR, 07009199, STATE OF OKLAHOMA, NOTARY PUBLIC]

ROD DANIELSON, CHAPTER 13 TRUSTEE
3435 14th Street
Suite 100
Riverside, CA 92501
(951) 826-8000

FILED
SEP 1 4 2005

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

In Re:

KENNETH MUGRAGE & TERA LEIGH
PO BOX 2949

WRIGHTWOOD, CA 92397

DEBTOR(S)

Case No.: RS03-26605-PC

# FINAL REPORT AND ACCOUNT

| Case Filed On: | Plan Confirmed On: | Case Concluded On: |
|---|---|---|
| Mon Nov 17, 2003 | Wed Jan 07, 2004 | Mon Mar 07, 2005 |

THIS CASE WAS COMPLETED.

The Trustee has maintained a detailed record of all receipts, including the source or other identification of each receipt, and of all distributions through the above referenced Plan. Copies of these detailed records have been filed with the Court and are incorporated by reference in this report.

RECEIPTS: Amount paid to the Trustee by or for the Debtor for the benefit of Creditors: $ 51,771.00

| DISTRIBUTIONS TO CREDITORS NAME OF CREDITOR | CLASS | CLAIM AMOUNT | AMOUNT PAID PRINCIPAL | INTEREST | BALANCE DUE |
|---|---|---|---|---|---|
| 0001/534068 GARY & BARBARA EERNISSE | CLAIM PAID DIRECT | 37,231.25 | .00 | .00 | .00 |
| 0002/300853 IRS/U.S. TREASURY DEPARTMENT | SECURED | 42,875.23 | 42,875.23 | 2,568.46 | .00 |
| 0003/336800 OCWEN FEDERAL BANK | CLAIM PAID DIRECT | 146,560.04 | .00 | .00 | .00 |
| 0004/021481 FRANCHISE TAX BOARD | PRIORITY | 20.03 | 20.03 | .00 | .00 |
| 0005/057319 DREYFUSS, RYAN & WEIFENBACH | NOTICE ONLY | .00 | .00 | .00 | .00 |

Refunded to Debtor:

KENNETH MUGRAGE & TERA LEIGH

Closed Case Refund: 2,676.50
Other Refund: .00

*proof of former address*



**Oklahoma Driver License**

Duplicate
Class: D
Issued: 10-29-2009
Restr: NONE
Endors: NONE
Lic. No: W082706948
Birthdate: 12-28-1964
Expires: 07-31-2010

Sex: F    Height: 5-04    Weight: 160    Eye Color: BL

LEIGH, TERA HOLLAND
2001 N BRUNSON AVE
PRAGUE OK 74864-0000

DL

## Tera Leigh

Address: 7525 NBU, Prague, OK 74864
Home: (405) 567-2272 ⋅ Cell Phone: 207-318-0747 ⋅ E-mail: tera@teraleigh.com

9 November 2009

The Financial Resources Group, Inc.
700 Mechem Drive, Suite 8B
Ruidoso, NM 88345
Attn: Vanessa

Re: address

Dear Vanessa:

I live in a rural area of Oklahoma where postal mail comes to a Neighborhood Box Unit (NBU). However, the state driver's license policy is to include a physical address. Therefore, my license lists 2001 N. Brunson Avenue. If you send mail to that address, it could not be delivered unless sent via a delivery service (such as UPS or FedEx.)

Thank you for your help in this matter.

Sincerely,

Tera Leigh

[Notary seal: NATASHA MILLS, IN AND FOR, #07009199, STATE OF OKLAHOMA, NOTARY PUBLIC]

Subscribed and Sworn to before me this
9 day of November 20 09
Natasha Mills, Notary
My Commission Expires 04-21-2011

**at&t**

Page: 1 of 5
Billing Cycle Date: 04/23/09
Mail Date: 10/02/09
Account Number: 646035861

| Previous Balance | 281.59 |
|---|---|
| Payment Posted | -150.24 |
| **PAST DUE BALANCE** | **131.35** |
| Payable Immediately | |
| Monthly Service Charges | 39.67 |
| Usage Charges | 0.00 |
| Credits/Adjustments/Other Charges | 7.67 |
| Government Fees & Taxes | 6.30 |
| **TOTAL CURRENT CHARGES** | **53.64** |
| Due  Oct 28, 2009 | |
| Late fees assessed after Nov 02 | |

**Total Amount Due  $184.99**

**How To Contact Us:**
- 1-800-331-0500 or 611 from your cell phone
- For Deaf/Hard of Hearing Customers (TTY/TDD) 1-866-241-6567

**Wireless Number with Rollover**
207-318-0747 -  2,095 Minutes

***This Bill Includes A Past Due Balance***

If payment has already been made, thank you, please disregard. If not, payment must be made immediately. Please send your payment, including current charges, in the enclosed envelope. You may also pay 24 hours a day, by major credit card or electronic check at 1-800-331-0500, or att.com/MyWireless. If your service is suspended, a reconnection fee will apply. If you have questions regarding your account, contact us at 1-800-947-5096.

17000 CANTRELL RD 1ST FLOOR
LITTLE ROCK, AR 72223-4266

#BWNJSZT
#100006460358612#
MB 01 062700 77282 H 262 A
TERA LEIGH
7525 NBU
PRAGUE, OK 74864-2500

Return the portion below with
payment only to AT&T Mobility.

| Account Number: | 646035861 |
|---|---|
| Total Amount Due: | $184.99 |
| Amount Paid: | |
| $ | |

*Please do not send correspondence with payment.

☐ Yes, enroll me in AutoPay
Signature required on reverse

Please Mail Check Payable To:

AT&T Mobility
PO Box 536216
Atlanta, GA 30353-6216

96500000646035861000000000053640000001849900 3

*Current address.*

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):<br>GREGORY L. ZUMBRUNN SB#127074<br>ZUMBRUNN LAW CORP.<br>14335 PARK AVE. STE. A<br>VICTORVILLE, CA 92392<br>TELEPHONE NO.: (760) 245-5333   FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): TERA LEIGH | **FL-180**<br>FOR COURT USE ONLY<br><br>FILED Victorville<br>SAN BERNARDINO COUNTY<br>Superior Court<br>APR 1 9 2005<br>SUPERIOR COURT OF CALIFORNIA<br>By *Barbara Bradley* Deputy |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN BERNARDINO<br>STREET ADDRESS: 14455 CIVIC DRIVE.<br>MAILING ADDRESS: SAME<br>CITY AND ZIP CODE: VICTORVILLE, CA 92392<br>BRANCH NAME: VICTORVILLE DISTRICT | |
| **MARRIAGE OF**<br>PETITIONER: TERA LEIGH<br>RESPONDENT: KENNETH MUGRAGE | |
| **JUDGMENT**<br>[X] DISSOLUTION   [ ] LEGAL SEPARATION   [ ] NULLITY<br>[ ] Status only<br>[ ] Reserving jurisdiction over termination of marital or domestic partnership status<br>[ ] Judgment on reserved issues<br>Date marital or domestic partnership status ends: 4-24-05 | CASE NUMBER:<br>VFLVS030827 |

1. [ ] This judgment [ ] contains personal conduct restraining orders [ ] modifies existing restraining orders. The restraining orders are contained on page(s) _____ of the attachment. They expire on (date):

2. This proceeding was heard as follows: [X] Default or uncontested [ ] By declaration under Family Code section 2336
   [ ] Contested
   a. Date:   Dept.:   Room:
   b. Judicial officer (name):
   c. [ ] Petitioner present in court          [ ] Temporary judge
   d. [ ] Respondent present in court         [ ] Attorney present in court (name):
   e. [ ] Claimant present in court (name):   [ ] Attorney present in court (name):
   f. [ ] Other (specify name):                [ ] Attorney present in court (name):

3. The court acquired jurisdiction of the respondent on (date): 10/25/04
   a. [X] The respondent was served with process.
   b. [ ] The respondent appeared.

**THE COURT ORDERS, GOOD CAUSE APPEARING**

4. a. [X] Judgment of dissolution is entered. Marital or domestic partnership status is terminated and the parties are restored to the status of single persons
      (1) [X] on (specify date): 4-24-05
      (2) [ ] on a date to be determined on noticed motion of either party or on stipulation.
   b. [ ] Judgment of legal separation is entered.
   c. [ ] Judgment of nullity is entered. The parties are declared to be single persons on the ground of (specify):

   d. [ ] This judgment will be entered nunc pro tunc as of (date):
   e. [ ] Judgment on reserved issues.
   f. The [ ] petitioner's [ ] respondent's former name is restored to (specify):
   g. [ ] Jurisdiction is reserved over all other issues, and all present orders remain in effect except as provided below.
   h. [ ] This judgment contains provisions for child support or family support. Each party must complete and file with the court a *Child Support Case Registry Form* (form FL-191) within 10 days of the date of this judgment. The parents must notify the court of any change in the information submitted within 10 days of the change, by filing an updated form. The *Notice of Rights and Responsibilities—Health Care Costs and Reimbursement Procedures and Information Sheet on Changing a Child Support Order* (form FL-192) is attached.

| CASE NAME *(Last name, first name of each party)*: MARRIAGE OF LEIGH and MUGRAGE | CASE NUMBER: VFLVS030827 |
|---|---|

4. *(Cont'd.)*
   i. [ ] A settlement agreement between the parties is attached.
   j. [ ] A written stipulation for judgment between the parties is attached.
   k. [ ] Child custody and visitation are ordered as set forth in the attached
      (1) [ ] settlement agreement, stipulation for judgment, or other written agreement.
      (2) [ ] *Child Custody and Visitation Order Attachment* (form FL-341).
      (3) [ ] *Stipulation and Order for Custody and/or Visitation of Children* (form FL-355).
      (4) [ ] other *(specify):*

   l. [ ] Child support is ordered as set forth in the attached
      (1) [ ] settlement agreement, stipulation for judgment, or other written agreement.
      (2) [ ] *Child Support Information and Order Attachment* (form FL-342).
      (3) [ ] *Stipulation to Establish or Modify Child Support and Order* (form FL-350).
      (4) [ ] other *(specify):*

   m. [X] Spousal or partner support is ordered as set forth in the attached
      (1) [ ] settlement agreement, stipulation for judgment, or other written agreement.
      (2) [ ] *Spousal, Partner, or Family Support Order Attachment* (form FL-343).
      (3) [X] other *(specify):* SEE ATTACHED

      **NOTICE:** It is the goal of this state that each party will make reasonable good faith efforts to become self-supporting as provided for in Family Code section 4320. The failure to make reasonable good faith efforts may be one of the factors considered by the court as a basis for modifying or terminating spousal or partner support.

   n. [X] Property division is ordered as set forth in attached
      (1) [ ] settlement agreement, stipulation for judgment, or other written agreement.
      (2) [ ] *Property Order Attachment to Judgment* (form FL-345).
      (3) [X] other *(specify):* SEE ATTACHED
   o. [ ] Parentage is established for children of this relationship born prior to the marriage or domestic partnership.
   p. [ ] Other *(specify):*

Each attachment to this judgment is incorporated into this judgment, and the parties are ordered to comply with each attachment's provisions.

Jurisdiction is reserved to make other orders necessary to carry out this judgment.

Date:

_____
JUDICIAL OFFICER

5. Number of pages attached: 3       [X] SIGNATURE FOLLOWS LAST ATTACHMENT
6. This form [ ] does [X] does not   contain the locations of, or identifying information about, the assets and debts listed.
   NOTE: If the form does contain such information, you may ask the court to seal this document by completing and submitting an *Ex Parte Application and Order to Seal Financial Forms* (form FL-316).

**NOTICE**
Dissolution or legal separation may automatically cancel the rights of a spouse or domestic partner under the other spouse's or domestic partner's will, trust, retirement plan, power of attorney, pay-on-death bank account, transfer-on-death vehicle registration, survivorship rights to any property owned in joint tenancy, and any other similar thing. It does not automatically cancel the rights of a spouse or domestic partner as beneficiary of the other spouse's or domestic partner's life insurance policy. You should review these matters, as well as any credit cards, other credit accounts, insurance policies, retirement plans, and credit reports, to determine whether they should be changed or whether you should take any other actions.
A debt or obligation may be assigned to one party as part of the dissolution of property and debts, but if that party does not pay the debt or obligation, the creditor may be able to collect from the other party.
An earnings assignment may be issued without additional proof if child, family, partner, or spousal support is ordered.
Any party required to pay support must pay interest on overdue amounts at the "legal rate," which is currently 10 percent.

**JUDGMENT**
(Family Law)

Page 2 of 2

CASE NAME: LEIGH and MUGRAGE
CASE NO. VFLVS030827

C:\ROSIE\MSA (9/02)

1. The parties were married on November 18, 1995, and separated on September 17, 2004.

2. There are no minor children of this marriage.

3. Respondent shall pay to Petitioner, as and for spousal support, the sum of $3,280 per month, plus 30% of any bonus or other compensation received or earned by Respondent in excess of $10,833 per calendar month, payable $1513.85 on each bi-weekly pay period (plus the percentage amount set forth above upon payment to Respondent), commencing April 1, 2005, and continuing thereafter until either party dies, Petitioner remarries, until further order of the Court. A wage assignment shall immediately issue.

4. As additional Spousal Support, Respondent shall maintain and pay for health, hospitalization, vision and dental insurance on the Petitioner (including COBRA benefits) at his place of employment for the maximum period available to Petitioner, or until she notifies Respondent in writing she has her own insurance benefits. Respondent shall cooperate in the preparation of any claims made by Petitioner while such insurance is in force. Any expense not covered by insurance shall be paid by Petitioner. If Respondent fails to pay the COBRA or other insurance premium when due, Petitioner may pay the premium and a modified wage assignment will issue upon declaration of Petitioner adding the amount of the insurance payment.

5. The Court terminates jurisdiction over the issue of Spousal Support benefitting Respondent.

6. Respondent shall move Petitioner's and her business Domains, set up and handle all transition for e-mail and web sites together with any associated fees involved within 30 days of entry of Judgment.

7. Petitioner is awarded the following community property, free of any claim or demand by Respondent:

    A. The net sales proceeds from the sale of the family residence from the Zumbrunn Law Corporation Trust account in the amount of $60,827.44.

    B. Any and all cash, bank accounts, household

1

furniture, furnishings and personal property in her possession.

    C.    Any and all interest in the corporation known as TERA LEIGH, INC. and any and all interest in the books, publications, artwork, crafts, and other intellectual property created by Petitioner during the marriage, individually, or through her corporation.

    D.    Pursuant to the case of In re Marriage of Hug (1984) 154 Cal. App. 3d 780, 201 Cal. Rptr. 676, the Petitioner is awarded her one-half community property interest in the following options which were granted to Respondent during the marriage by his employer, VA SOFTWARE, (LNUX):

| GRANT DATE | NUMBER | TYPE | PRICE | GRANTED |
|---|---|---|---|---|
| 31 Aug. 2001 | 00001299 | ISO | $1.450 | 10,000 |
| 11 Oct. 2001 | 00001409 | ISO | $0.990 | 10,000 |
| 04 Dec. 2002 | 00001664 | ISO | $1.270 | 5,000 |
| 10 Dec. 2003 | 00001771 | ISO | $2.980 | 7,500 |
| 01 Jul. 2004 | 00001956 | ISO | $2.450 | 30,000 |

The amount to which Petitioner is entitled is calculated to be ½ of the value of each option at the time exercised multiplied by a fraction, the numerator being the number of months between the date of hire until the date of separation (September 17, 2004) and the denominator being the number of months between the date of hire and the date on which each option is/was first exercisable, multiplied by the number of shares that can be purchased on the date the option is first exercisable. The Respondent shall not exercise more than 50% of the each block of the unexercised options granted above without the written consent of Petitioner.

8. Respondent is awarded the following community property, free of any claim or demand by Petitioner:

    A.    Ford Bronco.

    B.    Motorcycle

    C.    Any and all cash, bank accounts, secured credit card in his name, household furniture, furnishings and personal property in his possession.

    D.    All options granted to Respondent during the marriage except as allocated above.

9. The following property is confirmed as Petitioner's separate property free of any claim or demand by Respondent:

    A.    Any assets acquired by her before marriage.

2

10. The following property is confirmed as Respondent's separate property free of any claim or demand by Petitioner:

   A. Any assets acquired by him before marriage.

11. Petitioner shall assume the following obligations and shall hold Respondent harmless therefrom:

   A. One-half of the 2004 joint income tax liability, if any. Respondent shall immediately provide Petitioner with information necessary to prepare her 2004 tax return.

   B. The debt to Marie Gemmil in the amount of $74,642.

   C. Any and all debts incurred by Petitioner after the date of separation.

12. Respondent shall assume the following obligations and shall hold Petitioner harmless therefrom:

   A. One-half of the 2004 joint income tax liability, if any. Respondent shall immediately provide Petitioner with all information and documents necessary to prepare her 2004 tax return.

   B. The debt to Respondent's parents in the amount of $15,150.

   C. Any and all debts incurred by Respondent after the date of separation.

13. Respondent shall pay to Petitioner the sum of $3,500 for attorney fees incurred in this matter payable at the rate of $200 per month by wage assignment.

14. The parties shall execute any and all documents and take all actions that may be necessary to carry into effect the various provisions of the Judgment in this matter. In the event either party fails to sign a document requested of him or her to carry out the purposes of the Judgment within seven (7) days of a written request to sign said document, the clerk of the court is authorized and ordered to sign said documents on the parties' behalf.

DATED: APR 1 9 2005

DAVID R. PROULX, Commissioner
JUDGE OF THE SUPERIOR COURT